KHAI LEQUANG (SBN 202922)
klequang@orrick.com
MELANIE D. PHILLIPS (SBN 245584)
mphillips@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, California 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

STEPHEN G. FORESTA (admitted *pro hac vice*)
sforesta@orrick.com
PHILIPP SMAYLOVSKY(admitted *pro hac vice*)
psmaylovsky@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 WEST 52ND ST
NEW YORK, NY 10019
Telephone: 212-506-5000
Facsimile: 212-506-5151

Attorneys for Plaintiff
U.S. BANK NATIONAL ASSOCIATION, AS SECURITIES INTERMEDIARY FOR LIMA ACQUISITION LP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a national association, as securities intermediary for LIMA ACQUISITION LP,<br><br>Plaintiff,<br><br>v.<br><br>PHL VARIABLE INSURANCE COMPANY, a Connecticut corporation,<br><br>Defendant. | Case No. CV11-09517 ODW(RZx)<br><br>**[PROPOSED] ORDER APPROVING AMENDED STIPULATED PROTECTIVE ORDER**<br><br>NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT |

The parties' Amended Stipulated Protective Order Governing the Production and Exchange of Confidential Information (the "Protective Order") is before the Court. The Court having read the order and good cause appearing therefore, the Court hereby enters the following Protective Order:

1. <u>Statement of Good Cause</u>:  In the course of litigating and taking discovery in the above-captioned action (the "Action"), the parties, or third parties in connection with the Action, may need to produce competitively sensitive, confidential, and proprietary business information and/or private personal, medical, or financial information (collectively, "Confidential Information"), including the following categories of Confidential Information:

   (a) commercially sensitive and proprietary internal marketing materials, financial, actuarial, valuation or pricing projections, including mortality, reserve, and premium funding analyses that reflect past, current or future experience or actions relating to the cost of insurance disputes at issue in this Action, and/or information otherwise recognized by laws and regulations such as The California Public Records Act, West's Ann. Cal. Gov. Code § 6254 (d)), as being excepted from disclosure under public access laws, and deserving of treatment as Confidential Information;

   (b) non-public communications with governmental or non-governmental regulators, including but not limited to state departments of insurance, Securities Exchange Commission, and Financial Industry Regulatory Authority (FINRA, f/k/a NASD) that are intended to be kept confidential and/or are protected from disclosure by statute or regulation;

   (c) non-public personal identifying information (including names, addresses, social security numbers and dates of birth), and health

1   and financial information relating to policies affected by the cost
2   of insurance adjustments at issue in this Action, the disclosure of
3   which would potentially violate state and federal privacy laws,
4   including but not limited to The California Insurance
5   Information and Privacy Protection Act, Cal. Ins. Code § 791, *et
6   seq.*, The California Public Records Act, West's Ann. Cal. Gov.
7   Code § 6254 (c), The California Financial Information
8   Protection Act, Cal. Fin. Code § 4050, *et seq.*, The Gramm-
9   Leach-Bliley Act, 15 U.S.C. 6801, *et seq.*, as well as local Court
10  rules (*see, e.g.*, Central Dist. of Cal. General Order No. 10-07,
11  Sec. IV(E), (H));
12  (d)   agreements subject to provisions of confidentiality and
13        documents that reveal the confidential terms of such
14        agreements;
15  (e)   documents that reveal confidential financial information about a
16        party's business or commercial information about a party's
17        business that is not available to the public or its competitors,
18        which if disclosed could place the party at a competitive
19        disadvantage; and
20  (f)   commercially sensitive and proprietary, confidential information
21        that constitutes, discusses or reflects trade secrets entitled to
22        protection under various laws and regulations, including but not
23        limited to California's Uniform Trade Secret Act.
24  Confidential Information shall include the contents and all copies, excerpts,
25  extracts, and summaries of documents, testimony, and information, designated by
26  the parties as such, provided that such designation has not been successfully
27  challenged and finally revoked pursuant to paragraph 9 herein.
28      2.   This Protective Order shall, pursuant to Fed. R. Civ. P. 26(c), limit the

1  copying, dissemination, and filing of Confidential Information to be produced or
2  provided by any party and their respective counsel or by any non-party in the course
3  of discovery in this matter, and shall govern the handling of documents and all
4  other information produced by or between the parties to the Action or by third
5  parties in connection with the Action, including all documents, information, and
6  testimony produced or provided pursuant to interrogatories, depositions, requests
7  for production of documents, subpoenas, requests for admissions, or other requests
8  for disclosures (whether formal or informal), and all information provided,
9  submitted, or exhibited by the parties hereto or third parties in connection with any
10 evidentiary hearings or other proceedings conducted during the course of the
11 Action.

   3. As used herein:

    (a) "Producing Party" shall mean the parties to this Action and any third-parties producing "Confidential Information" in connection with depositions, document production, or otherwise, or the party asserting the confidentiality privilege, as the case may be.

    (b) "Receiving Party" shall mean the party to this Action and/or any non-party receiving "Confidential Information" in connection with depositions, document production, or otherwise.

    (c) "Qualified Person" shall mean any person authorized to receive or review Confidential Information pursuant to paragraph 6 herein.

   4. Any party, subpoenaed non-party, or other third party whose information may be disclosed in connection with this Action may designate documents produced, testimony given, or other information exchanged in connection with this action as "Confidential" either by notation on the document, statement on the record of the deposition, designation pursuant to paragraph 8 or 10 or 14 herein, or written advice to the respective undersigned counsel for the parties

1  hereto.  Electronic documents and information, if any, shall be designated as
2  "confidential" by any of the foregoing methods or pursuant to a procedure to be
3  agreed upon by the parties.

4     5.    All Confidential Information shall be used solely in connection with
5  this Action, and no person receiving such Confidential Information shall, directly or
6  indirectly, use, transfer, disclose, or communicate in any way the Confidential
7  Information to any person other than Qualified Persons.  Any other use or
8  disclosure is prohibited.  The receipt of Confidential Information by persons or
9  entities as defined in paragraph 5(f) below shall not prevent such person or entity
10  from serving as an expert or consultant in connection with the action entitled
11  *Martin Fleisher v. Phoenix Life Insurance Company*, No. CV 11-8405 (CM)
12  (S.D.N.Y.) (the "Fleisher Action"), or prevent such person or entity from receiving
13  information, including Confidential Information, in connection with the Fleisher
14  Action.

15     6.    Except with the prior written consent of the Producing Party or by
16  order of the Court, Confidential Information shall not be furnished, shown or
17  disclosed to any person or entity except to:

18      (a)    the parties in this action, including employees of the parties who
19             are assisting in this action;
20      (b)    counsel for the parties to this action and their associated
21             attorneys, paralegals and other professional personnel (including
22             support staff) who are directly assisting such counsel in the
23             preparation of this action for trial or other proceeding herein,
24             and are under the supervision or control of such counsel;
25      (c)    copying, imaging, computer services and/or litigation support
26             services who are bound to protect Confidential Information
27             either by their services contract with counsel or the Receiving
28             Party or by execution of the confidentiality agreement attached

hereto as Exhibit A;

(d) any agreed-upon or ordered mediator and that mediator's personnel;

(e) persons whom counsel of record for a party believes (i) are likely to be called to give testimony, through deposition, affidavit, or at trial, on matters relating to Confidential Information or (ii) possess information reasonably necessary and relevant for the prosecution or defense of the Action; provided, however, that such information is furnished, shown or disclosed in accordance with paragraph 7 herein;

(f) expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert opinions, services, or assistance in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 herein;

(g) the Court and court personnel, provided that the Confidential Information is filed in accordance with paragraph 11 herein or otherwise disclosed in accordance with paragraph 12 herein;

(h) an officer before whom a deposition is taken, including stenographic reporters and videographers and any necessary secretarial, clerical or other personnel of such officer, provided that the Confidential Information is furnished, shown or disclosed in accordance with paragraph 13 herein;

(i) trial and deposition witnesses, provided that the Confidential Information is furnished, shown or disclosed in accordance with paragraphs 12 and 13, respectively, herein; and

1            (j)    any other person agreed to by the parties.

2     7.    Before any disclosure of Confidential Information is made to any person pursuant to paragraph 6(e) or 6(f) herein, such person must execute a confidentiality agreement in the form of Exhibit A attached hereto.  Counsel shall maintain the executed confidentiality agreements required by this Protective Order.  Counsel for the party obtaining the executed Exhibit A from an expert under paragraph 6(f) shall supply a copy of Exhibit A to counsel for the other party at the time such expert is disclosed pursuant to Rule 26 of the Federal Rules of Civil Procedure.

    8.    Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its confidential nature may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "Confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.  Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents.

    9.    With respect to objections to designations of documents and information as "Confidential," a party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party to this Action disagrees at any stage of these proceedings with the designation by the Producing Party of any information as "Confidential," or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party that disagrees with the designation may seek appropriate relief from the Court on an expedited schedule to be established by the Court that provides the opposing party

1 with the opportunity to file a response.  Pending the resolution of such motion by
2 the Court and any subsequent appeal therefrom, the parties agree to treat the
3 information that is the subject of the motion in accordance with the Producing
4 Party's designation.  The Producing Party shall at all times carry the initial burden
5 of establishing that the contested information merits a "Confidential" designation.

6      10.    All depositions, the information disclosed therein, and the transcripts
7 thereof shall presumptively be treated as Confidential Information and subject to
8 this Protective Order during the deposition and for a period of thirty (30) days after
9 a transcript of said deposition is received by counsel for each of the parties.  At or
10 before the end of such thirty-day period, the deposition shall be classified
11 appropriately by notifying all of the parties in writing of the specific pages and lines
12 of the transcript which should be treated as Confidential Information thereafter.

13      11.    A Receiving Party who seeks to file with the Court any deposition
14 transcripts, exhibits, answers to interrogatories, and other documents which have
15 previously been designated as comprising or containing Confidential Information,
16 and any pleading, brief or memorandum which reproduces, paraphrases or discloses
17 Confidential Information, shall follow the procedures of this Court for filing
18 documents conditionally under seal so as to prevent the disclosure of Confidential
19 Information to persons other than Qualified Persons, including Local Rule 79-5.
20 The party who designated the documents "Confidential" may file supplemental
21 materials with the Court to support the application to file under seal filed by the
22 Receiving Party.

23      12.    Should the need arise for any of the parties to disclose Confidential
24 Information during any hearing or trial before the Court, including through
25 argument or the presentation of evidence, such party may do so only after taking
26 such steps as the Court, upon motion of the disclosing party, shall deem necessary
27 to preserve the confidentiality of such Confidential Information.

28      13.    Any deposition witness who is not otherwise a Qualified Person and

1 who will be given access to Confidential Information shall, prior thereto, be
2 provided with a copy of this Protective Order and counsel shall make reasonable
3 efforts to have such person execute a confidentiality agreement in the form of
4 Exhibit A attached hereto.  If unable to obtain an executed confidentiality
5 agreement from such person, counsel shall immediately and prior to the deposition
6 provide notice to counsel for the other party.  Counsel for the party obtaining the
7 executed Exhibit A shall supply a copy to counsel for the other party.
8 Alternatively, counsel for the parties may agree that Confidential Information is
9 adequately protected by such person's existing obligations to maintain the
10 confidentiality of such information.  Nothing herein, however, shall prevent any
11 counsel of record from utilizing Confidential Information in the examination or
12 cross-examination of any person who is indicated on the document as being an
13 author, source or recipient of the Confidential Information, irrespective of which
14 party produced such information.
15     14.    Subject to the provisions of this Protective Order, a party may
16 designate as Confidential Information any document, information, or deposition
17 testimony produced or given by any non-party to this case, or any portion thereof,
18 where such information has not already been designated as "Confidential" by that
19 non-party if the document, information, or deposition testimony constitutes
20 Confidential Information as defined herein.
21     15.    This Protective Order and the procedures herein shall not affect the
22 rights of the parties to object to discovery on any grounds, nor shall it relieve the
23 parties of the necessity of proper response or objection to discovery requests.
24     16.    In the event that the Receiving Party is requested or required (by oral
25 questions, interrogatories, requests for information or documents in a legal
26 proceeding, subpoena, civil investigative demand, other similar process, or rule of
27 law) to disclose any Confidential Information in another action or proceeding, the
28 Receiving Party shall provide the Producing Party with prompt written notice of

1  any such request or requirement so that the Producing Party may seek a protective
2  order or other appropriate remedy and/or waive compliance with the provisions of
3  this Protective Order, provided, however, that nothing in this Protective Order shall
4  be interpreted to obligate the Receiving Party to seek such a protective order or
5  other remedy.  Unless the Producing Party waives the protections of this Protective
6  Order, the Receiving Party will not disclose any Confidential Information except
7  pursuant to the order of a court of competent jurisdiction directing the disclosure of
8  such Confidential Information.
9      17.
10         (a)   <u>Inadvertent Disclosure</u>
11  Consistent with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal
12  Rule of Evidence 502, in the event a Producing Party inadvertently discloses
13  information subject to the attorney-client privilege, attorney work product doctrine,
14  or other applicable privilege or immunity, such inadvertent disclosure shall not
15  constitute or be deemed a waiver or forfeiture of any claim of privilege or work
16  product protection that the Producing Party would otherwise be entitled to assert
17  with respect to the inadvertently disclosed information and its subject matter,
18  provided the Producing Party took reasonable steps to prevent disclosure and also
19  took reasonable steps to rectify the error.  The Producing Party shall be deemed to
20  have taken reasonable steps to rectify the error of the disclosure if, within ten (10)
21  calendar days from the date that the inadvertent disclosure was discovered or
22  brought to the attention of the Producing Party, the Producing Party informs the
23  Receiving Party that privileged information has been disclosed, and instructs the
24  Receiving Party to promptly return, destroy, delete, render inaccessible or disable
25  all copies of the inadvertently disclosed documents.
26         (b)   <u>Post-Disclosure Actions</u>
27  The Receiving Party must return or destroy the specified documents and all
28  altered or unaltered hard and electronic copies in the Receiving Party's possession

within ten (10) calendar days of the Producing Party's instruction. The Receiving Party must promptly certify that the documents have been returned or destroyed. The Receiving Party will not be required to return or destroy any CD-ROM or other form of electronic production containing both inadvertently disclosed privileged documents and non-privileged documents until the Producing Party has provided a CD-ROM or other form of electronic production containing all such non-privileged documents. If a Receiving Party discovers clearly privileged documents, the Receiving Party must notify the Producing Party of its receipt of privileged materials within seven (7) calendar days of its discovery, regardless of whether the Receiving Party intends to contest the privilege. The Receiving Party must take reasonable steps to retrieve any privileged information that was disclosed or distributed and prevent any further dissemination of the information. The Receiving Party must also inform the Producing Party, in writing, of all pertinent facts relating to any such disclosures or distributions.

If the Receiving Party opposes the asserted claim of privilege or work product protection, the Receiving Party shall, no later than ten (10) calendar days after returning or destroying the information as outlined above, send a Local Rule 37-1 letter requesting a discovery conference, and after the Parties' Conference, promptly serve its portion of a joint stipulation, as contemplated by Local Rule 37-2, on the Producing Party. The Receiving Party shall not use or disclose the information until the claim is resolved. Upon a determination by the Court that the specified information is not protected by the applicable privilege, the Producing Party shall bear the costs of replacing the information into any programs or databases from which it was removed or destroyed. The Producing Party must preserve the information until the claim is resolved.

(c)     Notice

Notice required in the above subparagraphs must be in writing and must be served on all counsel unless it is an oral notice delivered at a deposition. If the

1  notice is delivered orally a deposition, the notifying Party must follow up with a
2  written notice within five (5) business days.  All requests and notifications must be
3  specific enough to identify and locate the privileged information.

4       18.    In the event anyone shall violate or threaten to violate any terms of this
5  Protective Order, the aggrieved party may immediately apply to the Court to obtain
6  relief, including, without limitation, injunctive relief against such person.  The
7  existence, if any, of an adequate remedy at law shall not preclude the applying party
8  from obtaining such relief.

9       19.    This Protective Order shall continue to be binding after the conclusion
10  of this litigation except (a) that there shall be no restriction on documents that are
11  used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a
12  party may seek the written permission of the Producing Party or further order of the
13  Court with respect to dissolution or modification of any provision of the Protective
14  Order.  The provisions of this Protective Order shall, absent prior written consent of
15  both parties, continue to be binding after the conclusion of this action.  The Court
16  expressly retains jurisdiction over this Action for enforcement of the provisions of
17  this Protective Order following the final resolution of the Action.

18      20.    Nothing herein shall be deemed to waive any privilege recognized by
19  law, or shall be deemed an admission as to the admissibility in evidence of any
20  facts or documents revealed in the course of disclosure.

21      21.    Within sixty (60) days after entry of an order, judgment or decree
22  finally disposing of this Action, all Confidential Information produced or
23  designated and all reproductions thereof, shall be returned to the Producing Party or
24  shall be destroyed, at the option of the Producing Party.  In the event that any party
25  chooses to destroy physical objects and documents, such party shall certify in
26  writing within sixty (60) days of the final termination of this litigation that it has
27  undertaken its best efforts to destroy such physical objects and documents, and that
28  such physical objects and documents have been destroyed to the best of its

- 11 -   STIPULATED PROTECTIVE ORDER
CV11-09517 ODW(RZx)

1 knowledge.  Notwithstanding anything to the contrary, counsel of record for the
2 parties may retain all pleadings, motion papers, discovery responses, deposition
3 transcripts, deposition and trial exhibits, legal memoranda, correspondence, work
4 product and attorney-client communications that include or are derived from
5 Confidential Information.  This Protective Order shall not be interpreted in a
6 manner that would violate any applicable cannons of ethics or codes of professional
7 responsibility.  Nothing in this Protective Order shall prohibit or interfere with the
8 ability of counsel for any party, or of experts specially retained for this case, to
9 represent any individual, corporation, or other entity adverse to any party or its
10 affiliate(s) in connection with any other matters.

11       22.    This Protective Order is entered into without prejudice to the right of
12 either party to seek relief from, or modification of, this Protective Order or any
13 provisions thereof by properly noticed motion to the Court or to challenge any
14 designation of confidentiality as inappropriate under applicable law.

15       23.    This Protective Order may be changed by further order of this Court,
16 and is without prejudice to the rights of a party to move for relief from any of its
17 provisions, or to seek or agree to different or additional protection for any particular
18 material or information.

19       24.    When serving any subpoena in this Action on a non-party to the
20 Action, a copy of this Protective Order shall be included with the subpoena.

21       25.    This Protective Order shall be binding upon any future party to the
22 Action.

23       ~~26.    This Protective Order may be executed in counterparts, each of which~~
24 ~~shall be deemed an original, but all of which taken together shall constitute one and~~
25 ~~the same document.~~

26       26.    This protective order does not govern material submitted in connection
27 with dispositive motions or at trial.  If any party desires protection for such
28 material, that party shall apply separately to the judicial officer who will preside at

- 12 -

STIPULATED PROTECTIVE ORDER
CV11-09517 ODW(RZx)

1 | those proceedings.

3 | Dated: May 21_, 2012        By: _____
                                               Hon. Ralph Zarefsky
                                         United States Magistrate Judge

EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a national association, as securities intermediary for LIMA ACQUISITION LP,<br><br>Plaintiff,<br><br>v.<br><br>PHL VARIABLE INSURANCE COMPANY, a Connecticut corporation,<br><br>Defendant. | Case No. CV11-09517 ODW(RZx)<br><br>**AGREEMENT TO PROTECT CONFIDENTIAL INFORMATION** |

I, _____, state that:

1. I have received a copy of the Stipulated Protective Order Governing the Production and Exchange of Confidential Information (the "**Protective Order**") entered in the above-entitled action.

2. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with and agree to be bound by all of the provisions of the Protective Order.

4. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

5. I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to

- 1 -

counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

6. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Protective Order in this action.

Executed on _____    _____
             (Date)                                   (Signature)