O
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK, N.A., as securities intermediary for LIMA ACQUISITION LP,<br><br>  Plaintiff,<br>  v.<br>PHL VARIABLE INSURANCE CO.,<br><br>  Defendant. | Case No. 2:11-cv-09517-ODW(RZx)<br>**ORDER TRANSFERRING VENUE [61]** |

## I.  INTRODUCTION

This action involves alleged unfair practices associated with the marketing, selling, and maintenance of flexible premium universal life insurance. Plaintiff U.S. Bank, N.A. sued Defendant PHL Variable Insurance Co. regarding PHL's increase in insurance rates on a targeted group of policyholders. PHL now seeks to transfer the action to the Southern District of New York ("S.D.N.Y.") under 28 U.S.C. 1404(a) for *forum non conveniens*, where two other actions are pending.[1]

## II.  FACTUAL BACKGROUND

Lima Acquisition LP ("Lima") is the owner and beneficiary of twelve universal life insurance policies issued by PHL between 2005 and 2007.[2] (FAC ¶ 13.) Lima did

---
[1] Having considered the papers filed in support of and in opposition to this motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.
[2] U.S. Bank brings this lawsuit in its capacity as securities intermediary for Lima Acquisition LP.

not purchase the policies directly from PHL; the policies were originally issued to customers residing in California, Wisconsin, and Minnesota; from whom Lima acquired them. (FAC Ex. 1.)

U.S. Bank alleges that PHL breached the policies' express terms by increasing the insurance premiums for reasons not permitted within the policies. (FAC ¶ 23.) U.S. Bank's First Amended Complaint lists five causes of actions for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing in contract; (3) violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. sections 42-110a, *et seq.*; (4) violation of the Connecticut Unfair Insurance Practices Act, Conn. Gen. Stat. sections 38a-815, *et seq.*; and (5) declaratory relief.

### III. LEGAL STANDARD

Venue is proper in any judicial district where any defendant resides if all defendants reside in the same state, or in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. §§ 1391(b)(1), (2). If there is no district in which the action may otherwise be brought, venue is proper in any judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(a)(3). For venue purposes, a corporation resides in any judicial district where it would be subject to personal jurisdiction. 28 U.S.C. § 1391(c). And for a motion to transfer under 28 U.S.C. § 1404(a) for *forum non conveniens*, courts have broad discretion to adjudicate "according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

### IV. DISCUSSION

At the outset, the Court notes that this forum is inconvenient for both parties and their potential witnesses. Both U.S. Bank and PHL are incorporated and have their principal places of business far outside of California. (FAC ¶¶ 9, 10.) PHL's corporate officers and employees, who are the primary actors behind the insurance rate increases, work at the company's Connecticut headquarters. (Mot. 11–12.)

Additionally, many of U.S. Bank's witnesses are located in New York. (Mot. 12–13.) And Lima, the real party in interest, has its principal place of business in New York. (Mot. 2.) The parties have disclosed no material witnesses that reside in California.

The substantial part of the events giving rise to this action occurred outside of California. The only connection with California is that PHL originally issued nine (or ten) of the twelve policies in California, to California residents. (FAC Ex. 1.) But the decision to improperly raise insurance rates occurred outside of California. (Mot. 3.) And the policies are no longer owned by the original policyholders; Lima is now the owner and beneficiary of the policies. (FAC ¶ 13.) The relevance of the original California policyholders is minimal, and this diminishes California's interest in adjudicating the action.

PHL asks the Court to transfer the case to the S.D.N.Y. Only if this action "might have been brought" in the S.D.N.Y. can the Court transfer there. 28 U.S.C. § 1404(a). PHL claims that it is subject to personal jurisdiction in the S.D.N.Y because it transacts business in New York, at a East Greenbush customer service center, which conducts nearly all policy-servicing activities for Accumulator Universal Life policies issued by PHL and its parent, Phoenix Life Insurance Co. (Reply. 2–3.) This Court finds that this activity suffices for personal jurisdiction, and concludes that this case might have been properly brought in S.D.N.Y.

S.D.N.Y. provides a more convenient forum for PHL's Connecticut witnesses—in all likelihood the most important witnesses in this case. And S.D.N.Y. is also more convenient for U.S. Bank's witnesses, as almost all of them are located in New York. (Mot. 12–13.)

Further, there are two pending cases in S.D.N.Y. against PHL and its parent company Phoenix Life, concerning the same insurance rate increases as the instant action. *Fleisher v. Phoenix Life Ins. Co.*, No. 1:11-cv-08405-CM (S.D.N.Y. filed Nov. 18, 2011); *Tiger Capital LLC v. PHL Variable Ins. Co.*, No. 1:12-cv-2939-CM (S.D.N.Y. filed Mar. 14, 2012). Discovery may be more efficient and cost to parties

may be lower if the three cases are before the S.D.N.Y court, as many PHL witnesses would likely appear in all three cases.  In addition to combining discovery (e.g., a single deposition of a PHL witness for all three cases), any discovery motions may be consolidated by the S.D.N.Y. court.  And because the cases are related, judicial economy would be further served as the cases, if appealed, would now all fall under the jurisdiction of the Second Circuit Court of Appeals.

Finally, transfer to the S.D.N.Y will best promote the interests of justice because two of the five causes of action are for violations under Connecticut statutes.  The Court understands that the S.D.N.Y. court regularly hears claims arising under Connecticut's Unfair Insurance Practices and Unfair Trade Practices Acts.  This is due to the close proximity of Connecticut to the S.D.N.Y, and the plethora of businesses located in Connecticut that do substantial commerce in the New York metropolitan area.  Unlike the S.D.N.Y. court, it is a rare day to see Connecticut law in the Central District of California.  And though this Court has no issue construing Connecticut law, the Court presumes that the S.D.N.Y court has more experience and familiarity with it than this Court.

## V.   CONCLUSION

For the foregoing reasons, the Court finds that this case is hereby transferred to the United States District Court for the Southern District of New York.  The Clerk of Court shall close this case.  And because the Court is transferring this case, it declines to rule on PHL's pending Motion to Dismiss under Rule 12(b)(6).  (ECF No. 52.)

**IT IS SO ORDERED.**

September 4, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**